No. 36,248

WALTER I. COLE, *Appellant*, v. THE CITY OF KANOPOLIS, *Appellee*.

No. 36,249

W. H. HILL, *Appellant*, v. THE CITY OF KANOPOLIS, *Appellee*.

No. 36,250

EVAN H. BROWNE, JR., Guardian of the Estate of Charles C. Gmader, *Appellant*, v. THE CITY OF KANOPOLIS, *Appellee*.

(153 P. 2d 920)

Opinion filed December 9, 1944.

*E. S. Hampton,* of Salina, argued the cause, and *H. Lloyd Ericsson,* of Emporia, *C. W. Burch, B. I. Litowich, La Rue Royce* and *H. H. Dunham, Jr.,* all of Salina, were on the briefs for the appellants.

*George D. Miner* and *Paul L. Aylward,* both of Ellsworth, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: These were actions upon municipal bonds issued by the defendant city. The defense was the statute of limitations. The trial by the court resulted in judgment for defendant. Plaintiffs have appealed.

Five bonds aggregating the face value of $2,500 were owned by plaintiffs. The suits are identical except as to the names of the

parties and the description of the bonds. They are part of $30,000 of bonds issued by defendant October 1, 1913, for waterworks and electric lights and were due October 1, 1933. At maturity defendant authorized an issue of refunding bonds aggregating $25,625, the principal to be dated October 1, 1933, maturing serially, beginning October 1, 1938. Defendant delivered the refunding bonds to R. E. Booth & Company of Wichita as its duly, authorized agent for the purpose of sale and taking up the outstanding bonds of the original issue. Booth embezzled some of the bonds. Litigation followed, which continued until the decision of *City of Kanopolis v. Mountain*, 147 Kan. 322, 76 P. 2d 803. In the meantime defendant, by several letters written by the city clerk, represented to plaintiffs in effect that when the litigation was completed proper arrangements would be made to take care of these bonds, and contained other statements designed "to convince the holders of past due bonds that they were not holding worthless securities." Soon after the litigation was closed, and on July 19, 1938, the city, by its clerk, wrote a letter to each of the plaintiffs which reads:

"Gentlemen: Each of you holds one or more bonds of the city of Kanopolis, which are past due. Some of you have written about the bonds. It is deemed necessary by the city of Kanopolis in order that the bonds may be liquidated in some legal manner that a judgment be obtained by the bondholders against the city in a friendly suit. It is proposed that the bondholders all assign to one person for the purpose of having the indebtedness put into judgment. The city is without funds to pay the bonds at present and the city must work out some legal manner of payment. The city of Kanopolis would like for the bond owners to agree to accept a judgment for the amount of their respective claims together with interest at a reasonable rate, not to exceed the rate for which the refunding bonds issued to refund such bonds were written, and steps can then be taken by the city of Kanopolis to liquidate the indebtedness in such manner as authorized by law. The city of Kanopolis seeks and welcomes your coöperation in this undertaking and any suggestions that you may have to offer."

The petitions in these actions were filed July 13, 1943, and set out the above stated facts more in detail than we have given. The answer admitted the execution of the bonds sued upon, contained a general denial, and specifically alleged:

"If any cause of action ever accrued to the plaintiff, it accrued on or before the 2nd day of October, 1933, more than five years before the commencement of this action."

The reply alleged that under the facts set forth in the petition any statute of limitations was tolled, and that defendant is es-

topped to plead or rely upon any statute of limitations for the purpose of avoiding its liability to plaintiffs.

At the trial it was stipulated that plaintiffs are bona fide owners and holders of the respective bonds, that the city received the money when the bonds were originally issued, and that these bonds have not been paid. It was further stipulated that the correspondence attached to the petition could be introduced without further identification, but the city objected to the competency thereof and that the letters purporting to be signed by the respective city clerks were signed by the persons who were city clerks of the defendant city. Colloquy of counsel contained the further stipulation:

"Mr. Hampton: It is stipulated that the substance of a letter dated July 19, 1938, was prepared by Mr. Miner, as attorney for the city at that time. That is it, isn't it?

"Mr. Miner: Prepared by me, that's all right. I was acting as city attorney during that period of time."

The court admitted in evidence the several letters attached to the petition, including that of July 19, 1938. Whereupon counsel for defendant made the following objection:

"Unless the plaintiffs can show that they are the acts of the city of Kanopolis, they are not competent in this case and prove no issue in this case.

"The Court: I think I understand your position and the Court is fully aware of what your position is, that the council can only act by resolution or ordinance.

"Mr. Miner: That's right, your Honor."

Counsel for plaintiffs introduced in evidence the bonds sued upon; the ordinance of the defendant city authorizing the issuance of refunding bonds, which specifically described the five bonds in suit as bonds to be refunded, and also introduced the letters, copies of which were attached to the petition. Defendant called the city clerk, who testified that she had been city clerk since April, 1937; "that neither the ordinance book nor the minute book contained any record relative to these bonds except the original ordinance of 1913 and the refunding ordinance of 1933." She further testified that there is nothing in the minute book which states what her duties are; that these matters are determined from time to time by the city council without a formal resolution; that she conducts correspondence with parties at the direction of the city council, and that she had never written any letters which purported to be the considered action of the council without their authority.

The trial court held that the causes of action set up by the plain-

tiffs are barred by the statute of limitations, and that defendant is not estopped from setting up the statute of limitations as a bar to the pending actions, and rendered judgment for defendant. We think it quite clear that the city is estopped from contending that the statute of limitations began to run on October 2, 1933. The city in good faith was attempting to refund its outstanding issue of bonds, including the particular bonds in suit, but had been unfortunate in selecting an agent who embezzled some of the bonds, and naturally desired to recover from that source if possible. In the meantime the general scope of its letters to the holders of the bonds was that the bonds were not being repudiated, but would be paid when the litigation was through. This conclusion is supported by the view of the court expressed in the following cases: *H. & S. Rld. Co. v. Comm'rs of Kingman Co.,* 48 Kan. 70, 28 Pac. 1078; *Railway Co. v. Pratt,* 73 Kan. 210, 85 Pac. 141; *O'Leary v. Street Railway Co.,* 87 Kan. 22, 31, 123 Pac. 746; *Derby Oil Co. v. City of Oxford,* 134 Kan. 59, 4 P. 2d 435.

More than that, there is no serious contention that the contents of the letter framed by the city attorney and signed by the city clerk, of July 18, 1938, was not in form an acknowledgment of the indebtedness within the meaning of G. S. 1935, 60-312. The contention on that point is that in order for the city to be bound by such an acknowledgment, action of the city would have to be by ordinance or by resolution. That question has been before the court previously, and where it is clear records were not kept of all matters of importance the authority of the governing body of the city may be proved by parol. (*C. K. & W. Rld. Co. v. Comm'rs of Stafford Co.,* 36 Kan. 121, 12 Pac. 593; *State, ex rel., v. Dowling, et al.,* 117 Kan. 493, 498, 232 Pac. 615; *State, ex rel., v. Rural High-school District,* 128 Kan. 797, 800, 801, 280 Pac. 892; 38 Am. Jur. 376.) Here the record clearly shows that a reputable city attorney, who no one contends was not acting within the scope of his authority, framed a letter, which the clerk signed, and her testimony is that with respect to matters of importance she acted only upon the authority of the city council. In that situation the absence of a formal resolution of the council, shown by the minutes, is insufficient to establish the fact that the letter was unauthorized.

There is no criticism, of course, upon an attorney representing the state, or any of its subdivisions, for pleading and presenting what on the face of it may appear to be a defense to any cause of action

against the body he represents. But where, as here, the only evidence upon the question, aside from the absence of a formal entry in the minutes of a resolution, showed that both the city clerk and the city attorney acted under the authority of the city council, the absence of the resolution in the minutes is insufficient to defeat recovery upon what otherwise clearly is a valid obligation of the city.

The result is, the judgment of the court below must be reversed with directions to enter judgment for plaintiff. It is so ordered.