Philip E. Winter Lyon County Counselor Lyon County Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As county counselor for Lyon county, you request our opinion regarding the authority of unified school district no. 253 (USD 253) to submit to the electorate a resolution authorizing a local option budget (LOB). Specifically, you ask whether the board of education has properly notified the county election officer pursuant to K.S.A. 1994 Supp. 72-6433.
According to the facts you present, the board of education of USD 253 passed a resolution authorizing adoption of the LOB. A petition in opposition to the LOB was filed with the Lyon county election officer on January 13, 1995. The validity of the petition was certified by the county election officer on January 19, 1995. During its regular meeting on February 14, 1995, the board of education authorized submitting the resolution to a vote of the electorate. A document dated February 15, 1995, signed by the clerk for the board of education served to formally notify the county election officer that an election regarding the LOB would be held April 4, 1995. It is conceded that the date of formal notification by the board is beyond the 30-day period set forth in K.S.A. 1994 Supp. 72-6433. However, the board maintains that the superintendent and the associate superintendent acting "as duly appointed representatives" of the board notified the county election officer during discussions on January 19 "that the election would go forth as per the board's original LOB resolution" and would be held April 4. Correspondence dated March 3, 1995, submitted by legal counsel for USD 253, fails to clarify the authority exercised by the superintendent and the associate superintendent, i.e., whether the superintendent and associate superintendent determined that a question regarding the resolution authorizing the LOB should be submitted to the electorate or whether the board of education determined the resolution should be submitted to the electorate and placed upon the superintendent the obligation of notifying the county election officer of the date chosen by the board for the election.
A board of education of any unified school district is authorized under K.S.A. 1994 Supp. 72-6433 to adopt the LOB if the board determines adoption of such a budget is in the best interests of the district. No district may adopt the LOB until a resolution authorizing adoption of the budget is passed by the board and published once in a newspaper having general circulation in the district. K.S.A. 1994 Supp. 72-6433.
 "If no petition [in opposition to the LOB] is filed in accordance with the provisions of the resolution, the board may adopt a local option budget. If a petition is filed as provided in the resolution, the board may notify the county election officer of the date of an election to be held to submit the question of whether adoption of a local option budget shall be authorized. If the board fails to notify the county election officer within 30 days after a petition is filed, the resolution shall be deemed abandoned and no like resolution shall be adopted by the board within the nine months following publication of the resolution." K.S.A. 1994 Supp. 72-6433 (emphasis added).
Clearly, K.S.A. 1994 Supp. 72-6433 requires that a board of education notify the county election officer within 30 days of the filing of a petition that an election regarding the resolution will be held on the date set forth in the notification, or the resolution is deemed abandoned. The statute, however, does not provide a recommended or required form for notification of the county election officer, nor does it expressly provide for or authorize delegation of the obligation of the board to notify the county election officer.
The legislature is empowered by section 21 of article 2 of the Kansas constitution to confer powers of local legislation and administration upon political subdivisions of the state. In the absence of constitutional limitations, a board of education may be authorized to hold elections on school questions or levy taxes for school purposes. 16 C.J.S. Constitutional Law, sec. 164 (1984). While the legislature may delegate its powers in certain respects to local governmental bodies, such local bodies may not, at least in the absence of express authorization, delegate their powers or duties except such as are purely ministerial or executive. 16 C.J.S. Constitutional Law, sec. 161 (1984).
Legislative power is the power to make, alter, or repeal laws or rules for the future. Umbehr v. Board of Wabaunsee CountyCommissioners, 252 Kan. 30, 33 (1992). A ministerial act is one which a public officer or agent is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority and without regard to the officer's or agent's own judgment or opinion concerning the propriety or impropriety of the act to be performed. State ex rel. Stephan v.O'Keefe, 235 Kan. 1022, 1025 (1984). The entire matter of taxation is legislative and does not exist apart from statute.Masson, Inc. v. County Assessor of Wyandotte County,222 Kan. 581, 584 (1977); In re Appeal of News Publishing Co.,12 Kan. App. 2d 328, 332 (1987).
Through enactment of K.S.A. 1994 Supp. 72-6433, the legislature has delegated to the board of education a limited portion of its taxing authority. A determination whether to adopt the LOB is therefore a legislative function of the board of education. The authority is exercised by the board of education in two instances: at the time of adoption of the resolution authorizing the LOB; and in determining whether to submit the resolution to the electorate following filing of a protest petition. Should the board of education determine that it remains in the best interests of the school district to pursue authorization of the LOB, the board then possesses discretion in specifying the date for an election, be it at an election called for that purpose or at the next general election. Because the constitution and statutes do not expressly allow delegation of this authority to another officer, the board of education may not delegate to another officer the authority to determine whether to submit to the electorate of the school district a resolution authorizing adoption of the LOB. Likewise, the board may not delegate to another officer the authority to specify the date of the election for submitting a resolution authorizing the LOB to the electorate.
While the board of education may not delegate to another officer the discretion regarding whether to submit to the electorate a resolution authorizing the LOB, the board may through adoption of rules, regulations, or policies, or by direct order, authorize another officer to notify the county election officer of the date of an election for submitting to the electorate a resolution authorizing the LOB. The superintendent for a unified school district has "charge and control of the public schools of the school district, subject to the orders, rules and regulations of the board of education." K.S.A. 72-8202b. If the board has through its rules, regulations, or policies, or by direct order, expressed its intention to submit to the electorate resolutions which become the subject of protest petitions, and established a time frame for the date of such elections, the superintendent may apply such directions of the board to the LOB. It is not required that delegation of the ministerial function be set forth in minutes of a meeting of the board of education. See Cole v. Cityof Kanopolis, 159 Kan. 304 (1944). We have not been provided with sufficient facts to make a determination whether the superintendent for USD 253 has performed a ministerial function at the direction of the board of education.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm