MARY ANN EASTER v. ANNA N. EASTER, *as Executrix of the estate of John B. Easter, deceased.*

1. NOTE, *Barred — Indorsement of Credit without Knowledge of Maker.* An indorsement of a credit upon a promissory note, made by the payee after the statute of limitations has run upon the note, and without the direction or knowledge of the maker, is not admissible as evidence of payment in favor of the payee.

2. ISSUE — *Bar, or Not — Burden of Proof.* Where the issue framed between the parties is the statute of limitations, and whether the debt sued upon has been taken out of the statute by a part payment, the burden of proof is upon the plaintiff to show not only that payment was made by the maker to the payee, but that it was intended as a payment upon the identical note upon which the action has been brought.

*Error from Osage District Court.*

ACTION to recover on a promissory note. Judgment for the defendant executrix, at the June term, 1887. The plaintiff brings the case to this court. The facts, so far as material, are stated in the opinion.

*John Foster,* and *L. T. Wilson,* for plaintiff in error.

*C. S. Martin,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action on a promissory note for $1,000, made and dated December 25, 1872, by John B. Easter and A. C. Easter, payable to Mary Ann Easter one day after date, with interest at 6 per cent. per annum. When the action was brought in December, 1886, the following indorsements were upon the back of the note:

"Paid on the within note $5, Sept. 14, 1884; paid on the within note $5, Dec. 14, 1884; paid on the within note $88, Feb. 19, 1886."

John B. Easter died in December, 1885, and in the following year the note was exhibited in the probate court as a demand against his estate, after notice to Anna N. Easter, who

was the wife of the deceased, and had been appointed as executrix of his estate. She defended upon the ground that the claim was barred by the statute of limitations; and in respect to the indorsements on the note, she denied under oath that any payments were ever made upon the note by the maker, or by anyone for him. Judgment was rendered in the probate court in favor of the claimant, for $1,795; and upon appeal to the district court, where the case was tried with a jury, the result was in favor of the executrix, it being determined that the action was barred by the statute of limitations. An action accrued upon the note one day after its date, and five years thereafter it was barred under the statute, unless revived by partial payment, or by a written acknowledgment or promise of liability thereon. It was conceded that no indorsements were written upon the note until some time after the death of John B. Easter. On the trial the indorsements were first introduced in evidence over the objection of the executrix; but when it was developed that they were not made during the lifetime of John B. Easter, nor until more than eight years after the bar of the statute had run against the note, the court withdrew the indorsements from the consideration of the jury; and this ruling is the first error assigned.

The ruling of the court in withdrawing the indorsements was right. The controversy between the parties was, whether the payor of the note had by a payment acknowledged the existence of the debt; and the indorsements written on the back of the note by the payee were offered in evidence to establish that fact. They did not constitute any evidence of payment as against the payor of the note. They were not made until more than thirteen years after a cause of action had accrued, nor until after the death of the payor. They were therefore *ex parte* statements of the payee, favorable to her own interests, and upon well-settled rules were not admissible as evidence in her behalf. If they had been written by the payee before the lapse of five years, they might have been treated as declarations against her own interest, and on that ground might have been received as evidence in her favor.

If the payee could make indorsements after a bar was complete, without the consent or direction of the payor, it would be within his power to manufacture evidence in his own behalf. The authorities all agree that indorsements made by the creditor after the statute has run upon the claim, and without the authority or knowledge of the debtor, furnish no evidence whatever that the payment was made, for the reason that it is an *ex parte* declaration by a party in his own favor, and no one is allowed to make evidence for himself. (Wood, Lim., § 115, and cases cited; Angell, Lim., § 241.)

After the court had stated the issue which had been formed between the parties, it instructed the jury "that the burden of proof rests upon the plaintiff, and to entitle her to recover in this suit she must prove by the preponderance of the evidence that John B. Easter executed the note sued on, and that the payments alleged to have been made upon said note were in fact made by said John B. Easter in his lifetime, and were by him intended when made to be applied upon said note." The plaintiff contends that the evidence established that money was paid by John B. Easter to Anna N. Easter, and that the money so paid must be regarded either as payments upon the note, or gifts; and that the presumption is that it was a payment rather than a gift, and that the burden of showing that the sums were not gifts devolved upon the defendant. The defendant had filed a verified denial that the payments were made as alleged by the plaintiff, and it was a controverted question on the trial whether any money was paid upon the note upon which the action was brought. Under the issues framed between the parties it was not enough to show that there had been money transactions between the plaintiff and John B. Easter during his lifetime, but the burden was upon the plaintiff to show that they related to, and that any payments of money made were made upon, the identical debt upon which suit has been brought. If an additional instruction was desired by the plaintiff in regard to the presumptions as between gifts and payments under a given state of facts, it should have been requested; but no such request was made,

and hence no error was committed by the court in failing to further amplify its instructions.   The evidence is sufficient to sustain the verdict of the jury.

There is nothing substantial in the claim that the motion for a new trial should have been granted on the ground of the misconduct of the defendant's attorneys.

Finding no error in the record, the judgment of the district court will be affirmed.

All the Justices concurring.