(611 P.2d 166)

No. 50,623

Lloyd E. Gideon, *Appellant,* v. Thomas E. Gates and Ronald W. Reed, *Appellees.*

Opinion filed May 23, 1980.

*Donald Patterson* of Fisher, Patterson, Sayler & Smith, of Topeka, for the appellant.

*John A. Bausch* of Ascough, Bausch, Eschmann, of Topeka, and *George Ferrell, Jr.,* of Benfer and Ferrell, of Topeka, for the appellee Thomas E. Gates.

Before Foth, C.J., Rees and Spencer, JJ.

Spencer, J.: Plaintiff seeks to recover damages allegedly sustained as a result of a collision of automobiles, one of which was owned by defendant Reed and was then being driven by defendant Gates. Plaintiff dismissed as to Reed and the trial court entered summary judgment in favor of defendant Gates on grounds the action was barred by the provisions of K.S.A. 60-513(*a*)(4). Plaintiff has appealed.

The parties agree that the accident out of which this action arose occurred on November 30, 1974; that plaintiff's petition was filed November 2, 1976, but defendant Gates was not served with process until February 3, 1977; that by reason of K.S.A. 60-203, the action is deemed to have been commenced on February 3, 1977, because service of process was not obtained until ninety-three days after the petition was filed; and that the action is barred by the two-year statute of limitations embodied in K.S.A. 60-513(a)(4) unless the operation of that statute is tolled by K.S.A. 60-517, which provides in relevant part:

"[I]f after the cause of action accrues he or she [*i.e.*, the person against whom a cause of action has accrued] depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. *This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter.*" Emphasis added.

This statute has been in existence in Kansas since 1862 (L. 1862, ch. 26, § 28), and was amended to include the last sentence of the section in 1963 (L. 1963, ch. 303, § 60-517). The many Kansas decisions construing and applying the section continue to be authoritative except as modified by the last sentence of the new provision. Gard's Kansas C. Civ. Proc. 2d § 60-517 (1979).

The statute of limitations is an affirmative defense and the burden of pleading and proving its applicability rests on the defendant. K.S.A. 60-208(c); *Barnes v. Gideon,* 1 Kan. App. 2d 517, 518, 571 P.2d 42 (1977), *rev'd on other grounds* 224 Kan. 6, 578 P.2d 685 (1978). However, the burden of proving facts sufficient to toll the statute is upon the plaintiff. *Bowman v. Bowman,* 134 Kan. 477, 7 P.2d 521 (1932); *Cott v. Baker,* 112 Kan. 115, 210 Pac. 651 (1922); *Easter v. Easter,* 44 Kan. 151, 24 Pac. 57 (1890).

In his consideration of K.S.A. 60-517, Judge Gard has stated:

"The effect of the last sentence of the section is to prevent the statute from being tolled by the absence of a person from the state wherever, in spite of the absence, jurisdiction over the person of the defendant, corporate or individual, can be acquired by service of summons within or without the state. It has particular impact in view of the provisions of section 60-308 which makes it possible in the classes of cases there mentioned to obtain personal service in another state as a basis for obtaining a personal judgment in Kansas. Care must be taken, therefore, if the address of the party to be sued is known, to observe the applicable statute of limitation and bring the action under the authority of section 60-308 to enforce a liability which falls within that section.

. . . .
  "It [*i.e.*, the last sentence of 60-517] would apply, in fact, to any other situation where personal service can be had within the state by any manner whatsoever, unless there is concealment on the part of the defendant." Gard's Kansas C. Civ. Proc. 2d § 60-517 (1979).

In *Carter v. Zahn,* 37 F.R.D. 556, 559 (D. Kan. 1965), the United States District Court for the District of Kansas held that "known" within the Kansas tolling statute means " 'known to plaintiff,' or by the exercise of due diligence should have been known to plaintiff." The same definition was adopted by this court in *Carter v. Kretschmer,* 2 Kan. App. 2d 271, 577 P.2d 1211, *rev. denied* 225 Kan. 843 (1978), and was cited with approval by our Supreme Court in *In re Estate of Barnes,* 212 Kan. 502, 508, 512 P.2d 387 (1973). Both *Zahn* and *Kretschmer* equate the term "whereabouts" with an address where service of process can be effected, and in *Kretschmer* this court noted that absence sufficient to toll the statute of limitations means "beyond the reach of process from our courts." 2 Kan. App. 2d at 272.

Under K.S.A. 60-203 this action would have been commenced with the filing of the petition only if there had been service of process within ninety days thereafter. K.S.A. 60-517 does not alter the fact. Accordingly, this action was commenced February 3, 1977, a period of two years and sixty-five days after the date of the accident. Unless it has been shown that the operation of K.S.A. 60-513(*a*)(4) was tolled for at least sixty-five days, it is barred by that statute.

It is apparent that a plaintiff does not sustain the burden of proving facts sufficient to toll the statute of limitations by demonstrating merely that a defendant was physically absent from the state. It must also be shown that defendant's whereabouts while outside the state were not known, and that service of process could not have been effected under article 3 of chapter 60.

Plaintiff has specified four separate occasions during which it is alleged defendant was absent from the state: (1) In November, 1975, he was gone for three or four days over Thanksgiving visiting some people named John and Janice Shoddy; (2) in June, 1976, he went to Oklahoma City for a weekend to visit a girlfriend and was gone two days; and (3) after suit was filed, he visited his parents in Tacoma, Washington, for a period of twenty-one days. The foregoing represent but three visitations outside the state during which defendant maintained his residence in Junction

City and his status as a student at Kansas State University. There is no showing in this record as to whether plaintiff made any attempt to learn of defendant's whereabouts on these occasions; but it is apparent that, with some minimal effort, his whereabouts could have been ascertained if it was necessary to do so. Moreover, even if it may be conceded that defendant's absence for the total of twenty-seven days, represented by the three occasions, was such as would operate to toll the statute, such would fall far short of that required.

The fourth occasion of absence specified by plaintiff is from January 5, 1976, to June 4, 1976, during which defendant gave up his apartment in Junction City and moved to Raytown, Missouri, for the purpose of participating in a work-study program sponsored by Kansas State University. During that period he did not pay rent on his apartment in Junction City, but his apartment was left vacant with the understanding that it was his intention to return to Junction City after the program had been completed. His landlady knew how to get in touch with him as he left his address with her. He left his address with a Junction City newspaper where he had formerly been employed, as well as with Mr. Nesmith who handled his work-study program at the University. He also filed a change of address with the United States Post Office. Plaintiff makes no contention that defendant's whereabouts during this period of absence from the state could not have been ascertained with a minimum of effort and, at oral argument, admitted such to be true. It is apparent from the record that service of summons could have been effected under K.S.A. 60-308 while defendant was in Raytown and, under other provisions of article 3 of chapter 60, at all other times following the accrual of the cause of action on November 30, 1974. We make specific reference to K.S.A. 60-304(a), which provides in part:

"A judge of the district court, upon a showing that service as prescribed above cannot be made with due diligence, may order service to be made by leaving a copy of the summons and of the petition at the defendant's dwelling house or usual place of abode."

Plaintiff, however, argues that actual delivery of the summons and petition to defendant personally was required, for to hold otherwise would run afoul of the due process requirement that notice must be reasonably calculated to reach the attention of the defendant. See *Schroeder v. City of New York,* 371 U.S. 208, 9

L.Ed.2d 255, 83 S.Ct. 279 (1962); *Walker v. Hutchinson City,* 352 U.S. 112, 1 L.Ed.2d 178, 77 S.Ct. 200 (1956); *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950); *Weaver v. Frazee,* 219 Kan. 42, 547 P.2d 1005 (1976); *In re Estate of Barnes,* 212 Kan. 502; *Chapin v. Aylward,* 204 Kan. 448, 464 P.2d 177 (1970); *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P.2d 858 (1967). Our Supreme Court considered a similar contention in *Threadgill v. Beard,* 225 Kan. 296, 590 P.2d 1021 (1979), involving a challenge to K.S.A. 61-1805, which provides in part:

"Service upon an individual . . . shall be made by delivering a copy of the summons and of the petition to such individual personally or by leaving copies thereof at such individual's usual place of residence . . . ."

In holding the statute not violative of the due process requirements of either the federal or state constitution, it was stated:

"Leaving a summons or other document at a residence in a position where it would ordinarily come to the attention of the resident is certainly a method of service calculated to give notice. A document tacked or stapled to the principal entrance door would ordinarily attract attention and serve the desired purpose. In those rare instances where such a notice is not actually found or received by the person intended to be served, the trial courts are not powerless to set aside any judgment entered if application therefor is made promptly upon receipt of actual notice. We have confidence that our trial courts will see that the ends of justice are properly served in such instances." 225 Kan. at 301.

We believe the reasoning in *Threadgill* is applicable in this case.

Finally, it is contended there was a material issue of fact remaining as to whether defendant concealed himself to avoid service of process. K.S.A. 60-517 provides that the time of defendant's concealment shall not be computed as any part of the period within which the action must be brought. However, that provision must be read in conjunction with the last sentence of the section. A defendant is not "concealed" within the meaning of 60-517 if his whereabouts are known and if he can be served with summons under the provisions of article 3 of chapter 60.

K.S.A. 60-256(c) provides for the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Having examined this record on appeal in the light most favorable to the plaintiff, as we are required to do, we are convinced that the facts

as shown were not sufficient to toll the operation of K.S.A. 60-513(*a*)(4) for a period of time sufficient to bring the commencement of this action within the two-year limitation prescribed by that statute, and that defendant was entitled to judgment as a matter of law.

Affirmed.

REES, J.: Concurring. I agree that the order of summary judgment should be affirmed and with the exposition of principles in the majority opinion. However, my approach varies somewhat.

This civil action arises out of an automobile accident on November 30, 1974. Plaintiff's claim is barred if it was not commenced on or before November 30, 1976, unless the two-year limitations period prescribed by K.S.A. 60-513(*a*)(4) was tolled by reason of application of K.S.A. 60-517 and the action was commenced on or before such later date as determined by adding to the two-year period time equivalent to the time during which the running of the limitations period was tolled.

K.S.A. 60-203 intertwines definition of commencement of a civil action and fixation of the date of commencement of such an action. It is conceded and agreed that by operation of K.S.A. 60-203 this action was commenced on February 3, 1977, when service was obtained by delivery of suit papers to defendant personally in Riley County by a deputy sheriff of that county.

As correctly and directly stated by the majority, the tolling provisions of K.S.A. 60-517 affect only K.S.A. 60-501 *et seq.,* including K.S.A. 60-513. There is no interplay of K.S.A. 60-517 and K.S.A. 60-203. If limitations has once run, it is immaterial that by happenstance there are facts that would support a finding of subsequent abscondence or concealment even though occurring prior to the date as of which the action is deemed commenced under K.S.A. 60-203.

The pivotal inquiry here is whether under the facts and by operation of K.S.A. 60-517 the expiration of the limitations period occurred as of some date after November 30, 1976, and, if so, what that later date was. The "arithmetic" involved is frequently encountered by every lawyer whose practice includes any significant number of litigated matters.

Restatement of the facts expressed by the majority is not required. There are two needed additions. The first is the fact that

defendant's twenty-one day absence to visit his parents in Tacoma, Washington, was from December 18, 1976, through January 8, 1977.

The second needed addition concerns the attempted service prior to December 6, 1976. The first summons was issued November 3, 1976, to the sheriff of Geary County; it was returned December 5, 1976, and recited that after diligent search and inquiry defendant was not found in that county. The deposition of the deputy sheriff involved reflects that on the various occasions when the officer knocked at the door of defendant's Junction City apartment residence, there was no answer and that when the officer tried to "catch [defendant] on the move," by watching the apartment house from the officer's parked automobile, defendant was never seen. Substantially contemporaneous inquiries of the officer to defendant's landlady and apartment neighbor disclosed that defendant resided in the subject apartment, was a student at Kansas State University, which is located in Riley County, an adjacent county, and was frequently absent from the apartment.

Prior to November 30, 1976, there was a period of approximately six months when defendant was out of state, in Raytown, Missouri. Service was available under K.S.A. 60-308(a). The availability of such service of process existed without reference to the last sentence of K.S.A. 60-304(a). That the running of the limitations period was not tolled during this period is not seriously disputed in plaintiff's brief; at oral argument plaintiff's counsel commendably conceded there was no tolling.

Also prior to November 30, 1976, there were two brief periods, totaling not more than six days, when defendant was out of state and as to which all agree that for the purpose of our decision it is to be deemed the limitations period was tolled. Taking into account these two absences, the expiration date of the limitations period became December 6, 1976.

The circumstances attending the fruitless efforts of the process server during the period from November 3, 1976, to December 5, 1976, simply are insufficient as a matter of law to support a finding of abscondence or concealment to trigger application of K.S.A. 60-517 and tolling of the limitations period.

Defendant did not depart to visit his parents in the state of Washington until December 18, 1976, and claim of inability to

effect service at *any* time after December 6, 1976, is wholly immaterial. Simply put, defendant's visit to the state of Washington and any facts disclosing problems encountered by plaintiff, or the process servers, in obtaining service upon defendant after December 6, 1976, are matters of not even academic interest.

The ninety-day period for service of process provisions of K.S.A. 60-203 being unrelated to K.S.A. 60-517 and not a statute of limitations, and the defendant's absence from Kansas while visiting in the state of Washington having occurred subsequent to December 6, 1976, renders plaintiff's position on appeal meritless.