**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN VASQUEZ ARROYO,

        Plaintiff - Appellant,

v.

TAMMY GROSS,

        Defendant - Appellee.

_____

MARTIN VASQUEZ ARROYO,

        Plaintiff - Appellant,

v.

CURTIS STARKS, Police Officer,

        Defendant - Appellee

No. 11-3322
(D.C. No. 5:08-CV-03035-SAC)
(D. Kansas)

No. 11-3326
(D.C. No. 5:07-CV-03298-SAC)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Martin Vasquez Arroyo, acting pro se, appeals the dismissal of two suits filed under 42 U.S.C. § 1983 in the United States District Court for the District of Kansas. We have jurisdiction under 28 U.S.C. § 1291 and affirm because both actions are time-barred.

## I. BACKGROUND

Mr. Vasquez Arroyo, a prisoner at the Larned Correctional Mental Health Facility in Larned, Kansas, filed his first complaint on December 6, 2007, against Kinsley Police Officer Curtis Starks and Kinsley City Attorney Mark Frame. His second complaint was filed on January 28, 2008, and named as defendants Kinsley Police Officer Tammy Gross and Mr. Frame. Both concerned events in 1998. The claims against Mr. Frame were dismissed in 2008 and are not at issue on appeal.

After we reversed an earlier dismissal of the claims against Officers Starks and Gross, *see Vasquez Arroyo v. Starks*, 589 F.3d 1091 (10th Cir. 2009), the officers moved for judgment on the pleadings and summary judgment on several grounds, including timeliness of the complaints. In response, Mr. Vasquez Arroyo, who was represented by counsel at the time, stated that his only claims were for false arrest on two occasions in July 1998. *See Arroyo v. Gross*, No. 08–3035–SAC, 2011 WL 5024262, at *1 (D. Kan. Oct. 20, 2011); *Arroyo v. Starks*, No. 07–3298–SAC, 2011 WL 5024214, at *1 (D. Kan. Oct. 20, 2011).

The district court dismissed both complaints as barred by the statute of limitations and qualified immunity. *See Arroyo v. Gross*, 2011 WL 5024262, at *2; *Arroyo v. Starks*, 2011 WL 5024214, at *2. We need address only the limitations issue.

Mr. Vasquez Arroyo does not challenge the district court's ruling that the applicable limitations period is the Kansas two-year period for personal-injury claims. *See* Kan. Stat. Ann. § 60-513(a)(4), (b) (West 2012). Liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"), Mr. Vasquez Arroyo's obscure pleadings on appeal argue only that the limitations period should be tolled because (1) he had not learned until May 2005 that his signature had been forged on diversion agreements with respect to the charges against him arising from the two arrests; (2) since May 2005 he has been unlawfully incarcerated and has not been able to pursue his case because the defendants have prevented him from conducting his own investigation; and (3) he has been incapacitated since his arrest in 1998.

## II. DISCUSSION

We review de novo the district court's grant of the motion to dismiss, *see Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and its grant of the motion for summary judgment, *see Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007).

Mr. Vasquez-Arroyo's arguments can be resolved without difficulty. First, the alleged forging of his signature on the diversion agreements is irrelevant to his false-arrest claims, so concealment of that act would not delay the accrual of the cause of action. Second, any impediment that arose in 2005 to his bringing suit would not save his claim because the limitations period had long since expired in 2000, two years after the 1998 arrest. And third, even though a Kansas statute tolls the limitations period while the plaintiff is "incapacitated," Kan. Stat. Ann. § 60-515(a) (West 2012), Mr. Vasquez Arroyo has produced no evidence to support his claim of incapacitation. *See Gideon v. Gates*, 611 P.2d 166, 167–68 (Kan. Ct. App. 1980) ("[T]he burden of proving facts sufficient to toll the statute is upon the plaintiff."). We conclude that the district court was correct in ruling that both suits were time-barred.

## III. CONCLUSION

We AFFIRM the judgments of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-