390 P.2d 915

Gertrude H. SNYDER, Plaintiff and Respondent,

v.

Robert James CLUNE and Roy M. Stokes, Defendants and Appellants.

No. 9936.

Supreme Court of Utah.

April 8, 1964.

Hanson & Garrett, Salt Lake City, for appellants.

Hugh Vernon Wentz, Provo, for respondent.

CROCKETT, Justice:

Defendants petitioned for and were granted an intermediate appeal to challenge the trial court's refusal to dismiss this action for personal injuries on the

ground that it was barred by the statute of limitations.

The injuries resulted from an automobile collision near Springville in Utah County, on December 14, 1958. Our statute of limitations on torts actions is four years.[1] It was not until four years and three days after the accident, on December 17, 1962, that plaintiff commenced this action.

To avoid the statute of limitations, plaintiff avers that the defendants, who are residents of California, returned there immediately after the accident, where they have since remained. She cites and relies on Sec. 78–12–35, U.C.A.1953:

"If when a cause of action accrues against a person when he is out of the state, the action may be commenced within the term herein limited after his return to the state; and *if after a cause of action accrues he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.*" (Emphasis added.)

█ It is to be conceded that upon a superficial look at the above section, ignoring all other considerations, its literal wording might seem to indicate that where a defendant departs from the state after a cause of action arises, the time of his absence should not be counted as part of the time of limitation. But statutes of necessity must state their objectives in general language. It is not always possible to foresee and prescribe in precise detail for all situations to which they might apply. Attempts to give them universal and literal application frequently lead to incongruous results which were never intended. When it is obvious that this is so, the statute should not be so applied. In order to give a statute its true meaning and significance it should be considered in the light of its background and the purpose sought to be accomplished, together with other aspects of the law which have a bearing on the problem involved.

█ It is obvious that the objective of the statute above quoted was to prevent a defendant from depriving a plaintiff of the opportunity of suing him by absenting himself from the state during the period of limitation.[2] In connection with the plaintiff's contention it is necessary to also consider our nonresident motorist act, Sec. 41–12–8, U.C.A.1953, which was enacted in 1943, (S.L.U.1943, Ch. 68, Sec. 12). It authorizes service upon a nonresident of the state by serving the Secretary of State. The effect of this is to constitute the Secretary of State as the agent of a nonresident motorist to receive process for him. Further pertinent to this problem is Rule

---

1. Sec. 78–12–35, U.C.A.1953.
2. For authorities on this subject, see 34 Am.Jur. 177, Limitation of Action, Sec. 221. Cf. Clawson v. Boston Acme Mines Development Co., 72 Utah 137, 269 P. 147, 59 A.L.R. 1318 (1928).

4(e) (1) U.R.C.P., which states that personal service may be made upon a defendant " * * * by delivering a copy to *an agent authorized by appointment or by law* to receive service of process." (Emphasis added.) The defendants thus had an agent within the state upon whom process could have been served for them, and they were thus not "absent" from the state in the sense contemplated by the statute, that is, unavailable for the service of process. Therefore, the plaintiff was not prevented from commencing her action at any time she desired. That being so, there exists no reason for tolling the running of the statute. When the reason for the rule is gone, the rule should vanish with it. Appropos is the statement of Justice Holmes:

> "It is revolting to have no better reason for a rule than that it was so laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past."[3]

Under the interpretation and application of our statute contended for by the plaintiff, that the defendants' absence from the state tolled the running of the statute of limitations, an action against a nonresident motorist would practically never be outlawed. A purported claim could rest in suspense and an action could be commenced 10, 20 or any number of years after its origin, even though the plaintiff could have sued and served process any time he desired. It seems to us that such a result would comport with neither reason nor justice. Nor would it harmonize with the policy of the law of allowing a reasonable time for the bringing of an action, but of providing a definite limitation of time in which it must be brought or the matter put at rest.

We are aware that some courts have taken the contrary view,[4] but with due deference to them, it is our opinion that for the reasons we have hereinabove expressed, the view which is sounder and better considered is that followed by the greater number of jurisdictions,[5] that where the plaintiff could have pursued her remedy at any time she desired, she was obliged to commence her action within the statute of limitations or it is barred.[6]

3. Oliver Wendell Homes, The Path of the Law, 10 Harv.L.Rev. 457, 469.
4. See Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480, and other cases collated in 94 A.L.R. 480 (1934); see also Anno., 17 A.L.R.2d 502 at 516 et seq. (1951).
5. See cases in the A.L.R. annotations referred to in footnote 4 above.
6. An analogous situation exists with respect to nonresident corporations. They must designate process agents, or service may be made on the Secretary of State. Sec. 16–10–111, U.C.A.1953. It is held that so long as they are amenable to process the statute of limitations runs. See Clawson v. Boston Acme Mines Development Co., footnote 2 above.

Other points raised have been considered and are deemed to be without merit. The action should be dismissed, and it is so ordered. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.