**William BYRNE, Appellant,**

v.

**Joe E. OGLE, Appellee.**

**No. 1359.**

Supreme Court of Alaska.

Sept. 24, 1971.

Thomas E. Curran, of Savage & Curran, Anchorage, for appellant.

Murphy L. Clark and Catherine S. Krendl, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ and CONNOR, JJ.

OPINION

BONEY, Chief Justice.

The facts in this case have been stipulated; a single issue is presented.

The appellant, William Byrne, was the plaintiff below. He seeks reversal of a superior court judgment dismissing his action for personal injuries as barred by Alaska's two-year statute of limitations, AS 09.10.-070.[1]

The essential facts are few. The action arises from an auto accident in Anchorage involving the appellant and the appellee, Joe E. Ogle. The accident occurred on February 2, 1968; appellant's action was not filed until May 21, 1970, more than two years after the date of appellant's alleged injuries. However, the appellee was rotated from the State of Alaska by his employer, the United States Army, prior to February 2, 1970, and was thus absent from Alaska before the lapse of the two-year period of limitation. It is appellee's absence prior to the expiration of the two-year period which accounts for the issue on appeal.

The appellant contends that appellee's absence from the state prior to February 2, 1970, operated to toll AS 09.10.070, the applicable statute of limitations. The appellant bases his contention upon AS 09.10.130 which provides:

> When the cause of action accrues against a person who is out of the state or concealed in the state, the action may be commenced within the periods provid-

---

1. AS 09.10.070 provides:
     No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise * * * unless commenced within two years.

ed in this chapter after his return to the state or when his concealment ceases. If he departs from the state or conceals himself after the cause of action accrues, the time of his absence or concealment is not part of the time limited for the commencement of the action.

The appellee argues that the tolling statute does not apply by reason of his being, at all times during his absence, subject to substituted service of process under Alaska's nonresident motorist statutes.[2]

■ The issue presented by the contention of the parties may be stated as whether, in an action for damages arising from an automobile collision in this state, the statute of limitations is tolled by the defendant's absence from the state, as provided by AS 09.10.130, when during the defendant's absence the plaintiff had the right to proceed against him under AS 09.05.020, which in conjunction with AS 09.05.040 makes the Commissioner of Revenue the agent of the absent defendant for purposes of service of process.

While this question is one of first impression in Alaska, it has been answered in numerous other jurisdictions. While not uniform, the decisions bearing upon the question have, in the great majority of cases, determined that in an auto accident case a tolling provision will not operate to suspend a statute of limitations when sub-stituted service is available.[3] Having examined the numerous decisions considering the question and our own statutes, we adopt the position of the weight of authority as consonant with the better reasoning and the intent expressed by our statutes.

Emphasizing only the tolling statute, the appellant asserts that to allow the substituted service statute to nullify the effect of the tolling statute, as the majority of the courts considering the question have done, is improper. Appellant asserts that to permit the availability of a statutory agent for service of process to avoid the suspension of the statute of limitations is to impliedly amend the tolling statute by the addition of a limitation not expressed. Some of the cases adopting the minority viewpoint have so held.[4] We cannot agree with their analysis.

It is conceded that if the tolling statute is examined in isolation, while ignoring all other considerations, it might be read as indicating that where a defendant departs from the state after a cause of action accrues, the time he is absent should not be considered as part of the period of limitation. However, in order to give a statute its true meaning, it must be examined in conjunction with other statutes bearing upon the problem being considered.

■ It is the apparent purpose of the tolling statute to prevent a plaintiff's be-

2. AS 09.05.020(a) provides:
   The operation of a motor vehicle by a nonresident (or owned by a nonresident and operated by his express or implied consent) on a public highway in the state is considered equivalent to an appointment of the commissioner of revenue by the nonresident as his attorney. The summons may be served on the commissioner in an action against the nonresident growing out of an accident or collision in which the vehicle is involved while being so operated. This operation is considered a signification of the nonresident's agreement that a summons against him which is so served has the same legal force as if served on him personally in the state. As 09.05.040 provides:
   A resident who has operated a motor vehicle, or has owned a motor vehicle operated with his express or implied consent which has been involved in an accident or collision on a public highway, and who has moved to another state after the accident or collision shall be treated as a nonresident for service of process as provided under §§ 20–30 of this chapter.

3. For a collation of the cases, see Annot., 94 A.L.R. 485 (1935); 119 A.L.R. 859 (1939); 17 A.L.R.2d 502 (1951); 2 A.L.R. 2d Later Case Service 978–79 (1965); 2 A.L.R.2d Later Case Service 204 (Supp.1971).

4. See, e. g., Staten v. Weiss, 78 Idaho 616, 308 P.2d 1021, 1023 (1957); Gotheiner v. Lenihan, 20 N.J.Misc. 119, 25 A.2d 430, 432 (1942); Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139, 141 (1950).

ing deprived an opportunity to prove his cause of action by the defendant absenting himself from the jurisdiction for the duration of the period of limitation.[5] The tolling statute preserves the plaintiff's cause of action until service has been made available and practical, by the defendant's presence in the state, for a time equal to the total period of limitation.

The essence of the difficulty sought to be remedied by the suspensory statute is not mere personal absence of the defendant, but such unavailability as will defeat the power of a plaintiff to effectuate commencement of his action. In this connection, the procedures provided by Alaska's nonresident motorist statutes are relevant.

In cases arising from motor vehicle accidents in which the defendant subsequently leaves the state, AS 09.05.020 operates in conjunction with AS 09.05.040 to authorize service upon an absent defendant by serving the Commissioner of Revenue. Pursuant to these provisions, the Commissioner of Revenue is, as a matter of law, appointed as defendant's statutory agent so that service upon him is of the same effect and validity as personal service upon the defendant. Under our substituted service statute, appellant was able to bring his action at any time within two years after the accident. In the present case, the plaintiff in fact did acquire service in that manner notwithstanding the defendant's absence. From this fact, it is obvious that in situations such as the present the absence of the defendant is not such as will, during its continuance, obstruct or prevent suit.

The right of the plaintiff to commence his action and obtain a judgment, being complete and unaffected by the defendant's absence, it is not necessary or justifiable to extend AS 09.10.130 to cover this situation in which the appellee was personally absent, but at all times subject to substituted service upon the Commissioner of Revenue. To ignore this fact and give a broader application to the tolling statute would lead to undesirable results inconsistent with the purposes of statutes dealing with periods of limitation.

It is generally recognized that the purpose of statutes of limitations is to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims.[6] Statutes of limitations attempt to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses. In the attainment of those ends, substantial aid is provided by statutes establishing substituted service. By this means, the equivalent of personal service is made obtainable on absent defendants. For purposes of lapse of time, our statutes place an absent defendant in a motor vehicle case on an equal plane with those present within the state. Thus, where substituted service is available, the usual statute of limitations should apply untolled. As a matter of policy the application of the normal period of limitation is required to facilitate the policy of protecting against stale claims, and to encourage prompt prosecution of legitimate claims by plaintiffs.

To apply the tolling statute to a situation where the defendant is at all times amenable to service is repugnant to the general purposes of statutes of limitations. The policy of the law is to allow a reasonable but definitely limited time for the bringing of an action after which the matter is put to rest. To accede to appellant's argument and apply the tolling statute would mean that actions against absent defendants would practically never be outlawed. A purported claim might be held in suspense for any number of years before an action

5. Coombs v. Darling, 116 Conn. 643, 166 A. 70, 71 (1933) ; Hurwitch v. Adams, 52 Del. 13, 151 A.2d 286, 288, aff'd 52 Del. 247, 155 A.2d 591 (1959) ; Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915,

916 (1964) ; Smith v. Forty Million, Inc., 64 Wash.2d 912, 395 P.2d 201, 202 (1964).

6. Lillegraven v. Tengs, 375 P.2d 139, 141 (Alaska 1962).

was commenced even though the action could have been instituted through substituted service at any time. Such a result is not only inconsistent with the general purposes of statutes of limitations, but could conceivably result in great hardship.[7]

If a plaintiff can delay his action for a short period beyond two years, he could also wait twenty years or any other lengthy period of time. Under those circumstances, a defendant might not know until years had passed that he was charged with liability for negligence. Such a result is in intolerable conflict with the general purposes of the statute of limitations and the substituted service procedure. The goal of those statutes is to provide speedy adjudication of claims. We cannot, absent clear evidence, attribute to the legislature an intent to subvert that goal in the face of the readily available and more reasonable interpretation we have adopted.

To hold otherwise would permit a plaintiff to bring his action at any time without regard to the statutory period of limitation.[8] Moreover, if both the substituted service statutes and the tolling statute are applied, a plaintiff is given greater advantage over an absent motorist than he has over a resident motorist defendant or the usual, nonmotorist, nonresident defendant. By virtue of substituted service alone, the absent motorist is in circumstances similar to the resident motorist. For purposes of service he is as available as a resident. However, if both substituted service and the tolling statute are made applicable, the nonresident motorist is provided less protection than the nonmotorist, nonresident defendant who is not subject to substituted service. At the same time, he is made more vulnerable than the resident motorist defendant in whose favor the statute of limitations is allowed to run. Such inequitable results can hardly be justified where a more reasonable statutory construction consistent with legislative intent is available.

We hold that AS 09.10.130 did not apply to toll AS 09.10.070, the statute of limitations. The superior court was correct in dismissing the present action for the reason that it was barred by the applicable statute of limitations.

The judgment is affirmed.

DIMOND and ERWIN, JJ., not participating.

---

7. Moore v. Dunham, 240 F.2d 198, 201 (10th Cir. 1956) ; Coombs v. Darling, 116 Conn. 643, 166 A. 70, 71 (1933) ; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17, 19 (1938) ; Whittington v. Davis, 221 Or. 209, 350 P.2d 913, 915 (1960) ; Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915, 916 (1964) ; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189, 191 (1947).

8. Coombs v. Darling, 116 Conn. 643, 166 A. 70, 71 (1933).