(577 P.2d 1211)

No. 49,246

HENRY CARTER, *Appellant,* v. ROBERT E. KRETSCHMER, *Appellee.*

Petition for review denied June 23, 1978.

Opinion filed May 5, 1978.

*H. George Lafferty, Jr.,* of Lafferty, Horowitz & Schurin, P.C., of Kansas City, Missouri, and *Jerald R. Long,* of Long & Giffen, of Mission, for the appellant.

*Jerome Bales* and *James O. Schwinn,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for the appellee.

Before PARKS, P.J., ABBOTT and MEYER, JJ.

PARKS, J.: This action arises from an auto accident in Wyandotte County, Kansas, involving the plaintiff Henry Carter and the defendant Robert C. Kretschmer. The accident occurred on March 8, 1974. Plaintiff filed suit on April 4, 1975. Service was obtained on April 5, 1975, but the action was later dismissed on May 14, 1976, for want of prosecution.

Pursuant to K.S.A. 60-518, plaintiff filed a new action on August 30, 1976. The sheriff of Wyandotte County filed his return of service on September 2, 1976, which indicated that the defendant had moved from the Kansas address where he previously had been served on April 5, 1975.

Forty days after the petition and summons were returned unserved, plaintiff mailed a letter to the defendant's last known address. His letter was returned showing a forwarding address in Knox County, Tennessee. An alias summons was issued to the sheriff of that county on October 13, 1976, but service was not finally effected until December 9, 1976.

Defendant subsequently moved to dismiss the second action on the ground that it was filed out of time. The trial court sustained his motion on May 10, 1977, and plaintiff appeals.

The sole issue is whether as a matter of law plaintiff's second action was barred by the statute of limitations.

Plaintiff makes no claim that the defendant absconded or concealed himself in order to avoid service of process, but argues that when defendant departed from the state before the filing of the second petition on August 30, 1976, the statute was tolled. Thus, the time of his absence should not be counted as part of the period of limitation. As authority for his position, plaintiff relies on K.S.A. 60-517, which reads in pertinent part:

"[A]nd if after the cause of action accrues he or she depart from the state . . . the time of the absence . . . shall not be computed as any part of the period within which the action must be brought. . . ."

Resolution of the issue raised requires consideration of our statutes relating to service of process upon nonresident motorists. K.S.A. 8-401 and 8-402 designate the secretary of state as the agent of nonresident motorists for the purpose of receiving process arising out of accidents occurring in this state. Not only did defendant have an agent within the state upon whom process could have been served but he himself could have been served personally under the long arm statute. See *Snyder v. Clune,* 15 Utah 2d 254, 390 P.2d 915 (1964); 17 A.L.R.2d 502-518 and cases cited therein; K.S.A. 60-308(*b*)(2). By exercise of due diligence plaintiff should have known the defendant's whereabouts as early as September, 1976, and did know his whereabouts at all times after October 13, 1976. *Carter v. Zahn,* 37 F.R.D. 556 (D. Kan. 1965). The defendant, therefore, was not "absent" from the state in the sense contemplated by K.S.A. 60-517; that is, beyond the reach of process from our courts. *Snyder v. Clune,* supra.

While not uniform, the majority of cases from other jurisdictions bearing upon the question have determined that in auto accident cases, a tolling provision will not operate to suspend a statute of limitations when substituted service is available. See *Byrne v. Ogle,* 488 P.2d 716 (Alaska 1971).

Although the long arm statute (K.S.A. 60-308[*b*][2]) was utilized by the plaintiff, service was not effected within 90 days after the filing of the petition; hence the action was not commenced until the process was actually served on December 9, 1976. Because the statute had expired prior to the commencement of this action, timely service of process was not obtained. K.S.A. 60-203 and 60-518.

For these reasons, we hold that the time for filing a new action under K.S.A. 60-518 was not tolled by K.S.A. 60-517.

Judgment is affirmed.