(653 P.2d 824)

No. 53,609

ELLIS J. GARRISON, *Appellant,* v. BAN NGOC VU, *Appellee.*

Opinion filed November 19, 1982.

*Ronald D. Garrison,* of Fallon, Holbrook & Ellis, of Kansas City, for the appellant.

*Barry W. McCormick,* of Payne & Jones, Chartered, of Olathe, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by plaintiff Ellis J. Garrison from the order of the District Court of Johnson County sustaining defendant Ban Ngoc Vu's motion for summary judgment because plaintiff did not obtain service on defendant, in this personal injury action, before the expiration of the statute of limitations.

Plaintiff raises the following issues on appeal: (1) Whether the trial court erred in finding the statute of limitations was not tolled by the operation of K.S.A. 60-517; (2) whether the trial court erred by failing to find that the action was commenced, for statute of limitations purposes, by the filing of defendant's answer within the statutory period; and (3) whether the trial court erred by failing to find the defendant should be estopped from raising the statute of limitations as a bar to the plaintiff's cause of action.

On September 1, 1977, a collision occurred between a vehicle operated by defendant and a bicycle operated by plaintiff in Overland Park. Plaintiff filed his petition against defendant on June 26, 1979, alleging personal injury and property damage resulting from defendant's negligent operation of the car. The

petition alleged defendant to be a Kansas resident, residing at 8348 England in Overland Park, and service of summons upon defendant at that address was requested. The summons was returned on June 28, 1979, without personal service and noted that defendant "no longer lives at address given, whereabouts unknown."

On July 10, 1979, plaintiff requested issuance of an alias summons for service on defendant at 7303 Walmer, Overland Park, Kansas. The Johnson County sheriff filed a return on service of summons on July 13, 1979, reflecting residential service on July 11, 1979, "by leaving with Minh Ng Uyen, nephew, and a person of suitable age and discretion." It was later established that defendant had moved to 3006 Teakwood, Garland, Texas, and had resided at that address since September of 1978. It was further established as an uncontroverted fact that defendant never lived at 7303 Walmer and did not know Minh Ng Uyen.

On August 9, 1979, defendant filed an answer admitting plaintiff's allegation that defendant is a resident of the State of Kansas, County of Johnson, residing at 8348 England, Overland Park, Kansas. It is important to note that he did not admit residency at the address on Walmer where service was purportedly obtained. In addition, his answer set forth the affirmative defenses of failure to state a claim upon which relief can be granted, insufficient service of process, improper process, and the running of the statute of limitations.

The parties subsequently proceeded with discovery and on March 25, 1981, a pretrial conference was held. The trial court noted in its pretrial order that the jurisdiction of the court and whether there was proper and sufficient service of process on the defendant was still at issue.

On April 13, 1981, defendant filed a motion for summary judgment, based on lack of personal service and the subsequent running of the statute of limitations. Upon receiving defendant's motion, plaintiff immediately requested new service upon defendant in Texas and personal service was obtained.

On May 21, 1981, the trial court heard arguments on defendant's motion for summary judgment and denied it. On June 30, 1981, however, the trial court reconsidered its oral ruling and set it aside, thereby entering summary judgment in favor of defendant. Plaintiff appeals.

Plaintiff first contends that the trial court erred in finding the statute of limitations was not tolled by the operation of K.S.A. 60-517. That statute provides:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter."

Plaintiff maintains that since defendant was in Texas after the collision occurred and since his whereabouts were unknown, the statute of limitations should have been tolled, thereby making the eventual Texas service timely.

The trial court, instead, relied on the decision in *Carter v. Kretschmer,* 2 Kan. App. 2d 271, 577 P.2d 1211, *rev. denied* 225 Kan. 843 (1978), to hold that the statute of limitations was not tolled because substitute service was available. In *Carter* the court dealt with a case involving an automobile accident which occurred in Kansas. The defendant was originally served in Kansas but the action was later dismissed for want of prosecution. Pursuant to K.S.A. 60-518, the plaintiff filed a new action and the return of service from the Wyandotte County sheriff indicated that the defendant had moved from the Kansas address where he previously had been served. The plaintiff subsequently discovered the defendant's address in Tennessee. An alias summons was issued, but service was not finally effected before the statute of limitations had expired. The plaintiff argued, as plaintiff argues in the present case, that the defendant absconded or concealed himself in order to avoid service of process and therefore K.S.A. 60-517 should toll the running of the statute of limitations. The court stated the following in response to the plaintiff's argument:

"Resolution of the issue raised requires consideration of our statutes relating to service of process upon nonresident motorists. K.S.A. 8-401 and 8-402 designate the secretary of state as the agent of nonresident motorists for the purpose of receiving process arising out of accidents occurring in this state. Not only did defendant have an agent within the state upon whom process could have been served but he himself could have been served personally under the long arm

statute. See *Snyder v. Clune,* 15 Utah 2d 254, 390 P.2d 915 (1964); 17 A.L.R.2d 502-518 and cases cited therein; K.S.A. 60-308(*b*)(2). By exercise of due diligence plaintiff should have known the defendant's whereabouts as early as September, 1976, and did know his whereabouts at all times after October 13, 1976. *Carter v. Zahn,* 37 F.R.D. 556 (D. Kan. 1965). The defendant, therefore, was not 'absent' from the state in the sense contemplated by K.S.A. 60-517; that is, beyond the reach of process from our courts. *Snyder v. Clune,* supra.

"While not uniform, the majority of cases from other jurisdictions bearing upon the question have determined that in auto accident cases, a tolling provision will not operate to suspend a statute of limitation when substituted service is available. See *Byrne v. Ogle,* 488 P.2d 716 (Alaska 1971)." 2 Kan. App. 2d at 272.

As in *Carter,* plaintiff in the present case could also have utilized the provisions of K.S.A. 8-401 and K.S.A. 1981 Supp. 8-402 as substituted service. Through an exercise of due diligence, plaintiff should have discovered that a problem existed with his personal service on defendant. Defendant's answer alleged ineffective service and thereby put plaintiff on notice that the validity of service was questionable. We find a tolling provision will not operate to suspend a statute of limitations when substitute service is available and the plaintiff, when exercising due diligence, is put on notice that such substitute service should be used.

Plaintiff also contends that the trial court erred by failing to find that the action was commenced, for statute of limitations purposes, by the filing of defendant's answer within the statutory period. K.S.A. 60-203 provides:

"A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained or the first publication is made for service by publication, within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process or first publication. An entry of appearance shall have the same effect as service."

Plaintiff maintains that this action was "commenced" and the running of the statute of limitations stopped when defendant entered his appearance by filing his answer. Plaintiff does not, however, maintain that the court acquired personal jurisdiction over defendant at that point. Jurisdiction theoretically was later acquired when service of process in Texas was obtained. Plaintiff maintains that K.S.A. 60-518, which is the six-month "saving statute," could be read as supporting his theory. K.S.A. 60-518 provides:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall

have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

In *Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971), the court was presented with the issue of whether a defendant's conduct prior to raising an issue over personal jurisdiction waived the defense of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. The court stated:

"The question for the court's determination is, did the filing of the motions for extension of time to answer, the taking of discovery depositions, and the commencement of proceedings for inspection and copying of documents, constitute a waiver of the defense of insufficiency of process and insufficiency of service of process? We are of the opinion they did not. K.S.A. 60-212 has abolished the old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. This is clearly stated by the express terms of K.S.A. 60-212(*h*)." p. 465.

We find that defendant in the present case clearly cannot be found to have submitted himself to the court's jurisdiction through his answer since the answer specifically challenged the validity of the service of process.

Plaintiff's final contention is that the trial court erred by failing to find that defendant should be estopped from raising the statute of limitations as a bar to plaintiff's cause of action. In *Bowen v. Westerhaus,* 224 Kan. 42, 45-46, 578 P.2d 1102 (1978), the court stated:

"The plaintiffs pled that defendants were estopped to take advantage of the statute [of limitations]. The doctrine of equitable estoppel is based upon the principle that a person is held to a representation made or a position assumed when otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances, has in good faith relied thereon. (*Maurer v. J. C. Nichols Co.,* 207 Kan. 315, 485 P.2d 174 [1971].)

"This court has further said:

" 'The doctrine of equitable estoppel requires consistency of conduct, and a litigant is estopped and precluded from maintaining an attitude with reference to a transaction involved wholly inconsistent with his previous acts and business connection with such transaction.' (*Browning v. Lefevre,* 191 Kan. 397, Syl. ¶ 2, 381 P.2d 524 [1963].)

" '. . . One who asserts an estoppel must show some change in position in reliance on the adversary's misleading statement. . . .' (*In re Morgan,* 219 Kan. 136, 137, 546 P.2d 1394 [1976].)

" '. . . Equitable estoppel is the effect of the voluntary conduct of a person whereby he is precluded, both at law and in equity, from asserting rights against another person relying on such conduct. A party asserting equitable estoppel must show that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe certain facts existed. It must also show it rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts. . . .' (*United American State Bank & Trust Co. v. Wild West Chrysler Plymouth, Inc.,* 221 Kan. 523, 527, 561 P.2d 792 [1977].)"

In *Rex v. Warner,* 183 Kan. 763, 771, 332 P.2d 572 (1958), the court stated:

"It is a legal maxim well understood that nothing can interrupt the running of the statute of limitations, and it is commonly stated without any qualification. Courts, however, have ingrafted upon such statutes an exception based upon estoppel. Generally speaking, actual fraud in the technical sense, bad faith, or an attempt to mislead or deceive is not essential to create such an estoppel; to invoke the doctrine, the debtor or defendant must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action. (*Railway Co. v. Pratt,* supra [73 Kan. 210, 85 Pac. 141]; *Pessemier v. Zeller,* supra [144 Kan. 726, 62 P.2d 882]; *Cole v. City of Kanopolis,* supra [159 Kan. 304, 153 P.2d 920]; 53 C.J.S., Limitations of Actions, § 25, p. 966; 34 Am. Jur., Limitation of Actions, § 412, p. 324.)"

The cou.. continued:

"It was within plaintiff's domain to ascertain why the defendants refused to perform and where the means of knowledge with respect to his rights or liabilities are available to him, he may not ignore the requirement of due care and at the same time invoke the doctrine of equitable estoppel. That doctrine is not available for the protection of one who has suffered loss solely by reason of his own acts or omissions. Equity aids the vigilant and not those who slumber on their rights. (30 C.J.S., Equity, § 100, p. 499.)" pp. 771-72.

In *Coffey v. Stephens,* 3 Kan. App. 2d 596, 598, 599 P.2d 310 (1979), this court stated:

"One general statement of the doctrine which runs throughout the cases in which it is asserted is that a defendant, who has acted in such a fashion that his conduct is sufficient to lull his adversary into a false sense of security forestalling the filing of suit until after the statute has run, will be precluded from relying on the bar of the statute."

We find that the trial court did not err by failing to find defendant to be estopped from raising the statute of limitations as a bar to plaintiff's cause of action. Defendant did not lull plaintiff into a false sense of security. Defendant's answer clearly challenged the effectiveness of the service of process. We find that he had no further obligation to pursue that particular issue prior to

the running of the statute of limitations. Defendant's answer alleging improper service, together with the inconsistency of his admission of residency and address, clearly put plaintiff on notice that further action would be necessary to obtain good service. Had plaintiff been acting with due diligence, he would have discovered that service was ineffective, and he could have achieved proper service within the statute of limitations. Therefore, we find the trial court did not err in sustaining defendant's motion for summary judgment.

Affirmed.