No. 53,609

ELLIS J. GARRISON, *Appellant,* v. BAN NGOC VU, *Appellee.*

(662 P.2d 1191)

Opinion filed April 29, 1983.

*Ronald D. Garrison,* of Fallon, Holbrook & Ellis, of Kansas City, argued the cause and was on the brief for appellant.

*Barry W. McCormick,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *L. Franklin Taylor,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by plaintiff, Ellis J. Garrison, from summary judgment entered by the district court based on the statute of limitations. The judgment of the district court was affirmed by the Court of Appeals in *Garrison v. Vu,* 8 Kan. App. 2d 189, 653 P.2d 824 (1982). The case is before this court upon petition for review.

The issues and facts are set forth in the Court of Appeals' opinion as follows:

"Plaintiff raises the following issues on appeal: (1) Whether the trial court erred in finding the statute of limitations was not tolled by the operation of K.S.A. 60-517; (2) whether the trial court erred by failing to find that the action was commenced, for statute of limitations purposes, by the filing of defendant's answer within the statutory period; and (3) whether the trial court erred by failing to find the defendant should be estopped from raising the statute of limitations as a bar to the plaintiff's cause of action.

"On September 1, 1977, a collision occurred between a vehicle operated by defendant and a bicycle operated by plaintiff in Overland Park. Plaintiff filed his petition against defendant on June 26, 1979, alleging personal injury and property damage resulting from defendant's negligent operation of the car. The petition alleged defendant to be a Kansas resident, residing at 8348 England in Overland Park, and service of summons upon defendant at that address was requested. The summons was returned on June 28, 1979, without personal service and noted that defendant 'no longer lives at address given, whereabouts unknown.'

"On July 10, 1979, plaintiff requested issuance of an alias summons for service on defendant at 7303 Walmer, Overland Park, Kansas. The Johnson County sheriff filed a return on service of summons on July 13, 1979, reflecting residential service on July 11, 1979, 'by leaving with Minh Ng Uyen, nephew, and a person of suitable age and discretion.' It was later established that defendant had moved to 3006 Teakwood, Garland, Texas, and had resided at that address since September of 1978. It was further established as an uncontroverted fact that defendant never lived at 7303 Walmer and did not know Minh Ng Uyen.

"On August 9, 1979, defendant filed an answer admitting plaintiff's allegation that defendant is a resident of the State of Kansas, County of Johnson, residing at 8348 England, Overland Park, Kansas. It is important to note that he did not admit residency at the address on Walmer where service was purportedly obtained. In addition, his answer set forth the affirmative defenses of failure to state a claim upon which relief can be granted, insufficient service of process, improper process, and the running of the statute of limitations.

"The parties subsequently proceeded with discovery and on March 25, 1981, a pretrial conference was held. The trial court noted in its pretrial order that the jurisdiction of the court and whether there was proper and sufficient service of process on the defendant was still at issue.

"On April 13, 1981, defendant filed a motion for summary judgment, based on lack of personal service and the subsequent running of the statute of limitations. Upon receiving defendant's motion, plaintiff immediately requested new service upon defendant in Texas and personal service was obtained.

"On May 21, 1981, the trial court heard arguments on defendant's motion for summary judgment and denied it. On June 30, 1981, however, the trial court reconsidered its oral ruling and set it aside, thereby entering summary judgment in favor of defendant. Plaintiff appeals." 8 Kan. App. 2d at 189-90.

Plaintiff first contends the trial court erred in finding the statute of limitations was not tolled by the operation of K.S.A. 60-517. That statute provides:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and *if after the cause of action accrues he or she depart from the state,* or abscond or conceal himself or herself, *the time of the absence* or concealment *shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose where-*

*abouts are known and upon whom service of summons can be effected* under the provisions of article 3 of this chapter." (Emphasis supplied.)

The trial court held the two-year statute of limitations (K.S.A. 60-513) was not tolled by defendant's departure from the state by virtue of the availability of substituted service pursuant to K.S.A. 8-401 and -402. The Court of Appeals agreed with this rationale. Both courts relied on *Carter v. Kretschmer,* 2 Kan. App. 2d 271, 577 P.2d 1211, *rev. denied* 225 Kan. 843 (1978). The holding of *Carter* is summarized in its Syllabus ¶ 2 as follows:

"In an action arising from an automobile accident in which the defendant subsequently left this state, it is *held:* Where substituted service was available, the defendant was not beyond the reach of process from our courts; therefore, the tolling provisions of K.S.A. 60-517 did not operate to suspend the time for filing a new action under K.S.A. 60-518. Accordingly, it was proper for the trial court to dismiss the plaintiff's action on the ground it was barred by the statute of limitations."

The question then becomes whether substituted service pursuant to K.S.A. 8-401 and -402 could have been effected. The Court of Appeals held such substituted service was available and hence K.S.A. 60-517 did not operate to toll the running of the statute of limitations. We do not agree.

K.S.A. 8-401 provides:

"(1) 'Nonresident' or 'nonresident person' shall mean: (A) A person who is a nonresident of this state; (B) *a person who is a resident of this state and who departs from this state subsequent to the accident or collision from which the action or proceeding against such person* or a representative of such person *arose and remains absent from this state for thirty (30) days continuously, whether such absence is intended to be temporary or permanent;* (C) a person who at the time of the accident or collision from which the action or proceeding arose was a resident of this state but who has subsequently thereto become a nonresident of this state;

"(2) 'representative' shall have the meaning respectively ascribed to it in subsection (1) of K.S.A. 59-102.

"(b) The *acceptance by a nonresident person of the rights and privileges* conferred by existing laws to operate motor vehicles on the public highways of the state of Kansas, or the operation by a nonresident person, or an authorized chauffeur of such nonresident, or agent, of a motor vehicle on the said highways, other than under said laws, *shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the state of Kansas,* or the secretary's successor in office, *to be such nonresident's true and lawful agent, upon whom may be served all lawful process in any action* or proceeding against said nonresident or a representative of said nonresident *growing out of any accident or collision in which said motor vehicle may be involved,* while same is operated in the state of Kansas by said nonresident, or by an authorized chauffeur of said

nonresident or agent; and said acceptance or operation of said vehicle shall be a signification of agreement that any such process which is so served on the secretary of state shall be of the same legal force and validity as if served upon said nonresident or a representative of said nonresident personally within the state." (Emphasis supplied.)

K.S.A. 8-402 provides:

"8-402. **Procedure in procuring service pursuant to 8-401.** The *manner of procuring* and *serving process* in any cause, *brought pursuant to the preceding section, shall be as follows,* to wit: The *plaintiff shall file* a *verified petition* in the district court in the county where the cause of action arose or the plaintiff resides, *showing* a cause of action against the defendant of the class contemplated in K.S.A. 8-401, and shall further show in said petition, or by affidavit, to the satisfaction of the judge of said court, that the defendant is one of the persons contemplated in said K.S.A. 8-401, and *the residence of said defendant,* and a description of the car or motor vehicle claimed to have been operated by the said defendant or an agent of the defendant, as near as the same can reasonably be ascertained by the plaintiff; and the time, place and nature of such accident, or injury. *Upon such showing* being made, *the judge shall make an order, directing that service of process be made* on the *defendant as provided in said K.S.A. 8-401; and also, that a copy of the process, and petition, and of said order, and a notice that the same have been served upon the secretary of state,* pursuant to this act, *be delivered to the defendant by registered mail* or *personally without the state by a sheriff* or deputy sheriff *in such state.* Proof of such service shall be made by affidavit filed in said cause by the person making said service, and *service shall be deemed complete thirty (30) days from the date the affidavit is filed by the person making the service stating that such personal service has been made on the defendant and giving the date thereof.* The court in which the action is pending shall, upon affidavit submitted upon behalf of the defendant, grant such additional time to answer, or continuances, as shall be reasonably necessary to allow defendant full opportunity to plead and prepare for the trial of the said cause." (Emphasis supplied.)

Pursuant to the express language of K.S.A. 8-402 "service shall be deemed complete thirty (30) days from the date the affidavit is filed . . . stating that such personal service has been made on the defendant . . . ."

The cause of action arose on September 1, 1977. The case was filed on June 26, 1979. On August 9, 1979, an answer was filed on defendant Vu's behalf admitting he was "a Kansas resident." Subsequently it was established Vu had actually been a Texas resident since September 1978. Defendant's true whereabouts were unknown to plaintiff until April 1981. Vu's own counsel did not learn where Vu was living until 1981 when he requested an insurance investigator to locate his client. Upon being advised of Vu's Texas address, plaintiff promptly secured personal service

upon him. Plaintiff has exhibited no lack of diligence herein relative to learning Vu's Texas address and acted with due dispatch to secure personal service upon learning the true facts.

We therefore conclude:

1. Defendant's whereabouts, within the meaning of K.S.A. 60-517 were not known to plaintiff until April 1981;

2. Substituted service upon defendant pursuant to K.S.A. 8-401 and -402 could not have been completed prior to April 1981 when defendant's residence was ascertained, and hence substituted service could not have been effected within the meaning of K.S.A. 60-517 prior thereto;

3. The exception to the statute of limitations tolling provisions set forth in K.S.A. 60-517 is therefore inapplicable herein;

4. The statute of limitations was tolled between September 1978 and April 1981; and

5. Personal service was had upon the defendant within the applicable two-year statute of limitations.

By virtue of the result reached on this issue, the other issues raised need not be addressed.

The judgment of the district court and Court of Appeals are reversed and the action is remanded to the district court for further proceedings.