(813 P.2d 393)

No. 65,671

Roger E. Slayden, *Appellant*, v. Jennifer S. Sixta, *Appellee*.

—

Opinion filed June 14, 1991.

*Alan V. Johnson*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, for the appellant.

*Leonard R. Frischer*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellee.

Before Lewis, P.J., Rulon and Gernon, JJ.

Lewis, J.: This was an action filed by Roger E. Slayden, plaintiff, to recover damages sustained in an automobile accident. The plaintiff was injured when the car in which he was a passenger was struck by a car driven by Jennifer S. Sixta, defendant. The trial court held that plaintiff's action was time barred and dismissed his petition. Plaintiff appeals that ruling. Finding no reversible error, we affirm.

On October 25, 1987, the accident in which plaintiff suffered injury took place. At that time, defendant was a resident of Kansas and lived in Prairie Village. Plaintiff proceeded to negotiate with defendant's insurance company for a period of nearly two years. During that time, plaintiff's counsel had over 12 contacts by phone and by letter with the insurance carrier.

In April 1988, defendant moved from Prairie Village to St. Charles, Missouri. Although her insurance carrier knew of her move, it did not advise plaintiff's counsel of that fact. However, we note that nowhere in the record is it indicated that plaintiff's counsel asked defendant's insurance carrier for this information.

The cause of action to be asserted by plaintiff was one sounding in tort. Thus, the applicable statute of limitations required that he file suit within a two-year period from the date of the accident. K.S.A. 1990 Supp. 60-513.

On October 25, 1989, exactly two years after the accident, plaintiff filed his petition. The petition alleged that defendant was a resident of Prairie Village, Kansas, and the summons was issued for service at a Prairie Village address. The address used by plaintiff in the original summons was obtained from the accident report. The original summons was issued October 25, 1989, and was returned November 7, 1989, unserved with the notation that the defendant had "[m]oved; somewhere in St. Louis."

On the date the original summons was returned unserved, plaintiff ordered a "post office tracer" seeking the correct address of the defendant.

On November 13, 1989, the post office tracer was returned bearing the address of defendant, which was shown correctly to be 2278 North Village Drive, St. Charles, Missouri.

On December 6, 1989, 23 days after obtaining the correct address, plaintiff procured the issuance of an alias summons. The summons was issued by the clerk's office with the incorrect address of "1178 North Village Drive." Plaintiff's counsel apparently did not check the summons for clerical mistakes and did not become aware of the mistake until January 16, 1990, when the summons was returned unserved. On January 23, 1990, a new alias summons was issued bearing the defendant's correct address. On January 30, 1990, personal service was made on defendant.

As we pointed out, the statute of limitations in this case would have run on October 25, 1989. However, K.S.A. 1990 Supp. 60-203 provides in pertinent part: "(a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained : . ˙. within 90 days after the petition is filed."

The net result of the statute is that, if service is made within 90 days of the date of filing, the action is deemed commenced on the date of filing. In the present litigation, service was not obtained on defendant until January 30, 1990, some 97 days after the petition was filed. As a result, the action was not commenced until January 30, 1990, which is beyond the two-year period of limitations. Based on this fact, the trial court dismissed the action as being time barred.

On appeal, plaintiff raises two basic arguments to show that the trial court erred.

## WAS THE STATUTE OF LIMITATIONS TOLLED BY THE ABSENCE OF DEFENDANT FROM THE STATE?

K.S.A. 60-517 forms the basis of plaintiff's argument, and reads as follows:

"If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought. This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter."

Plaintiff points out that defendant was absent from this state from approximately May 1, 1988, to the time of service. He says that he did not know her whereabouts from the time she left until November 13, 1989, when he obtained her address by a post office tracer. Plaintiff insists, therefore, that, by virtue of K.S.A. 60-517, the statute of limitations was tolled from the time defendant left the State of Kansas to the time he discovered her address. If plaintiff is correct, the statute of limitations was tolled from approximately May 1, 1988, until November 13, 1989. This is a period of nearly 18½ months, and, if the tolling did take place, the commencement of the action on January 30, 1990, would have been well within the period of limitation.

Unfortunately for plaintiff, K.S.A. 60-517 has not been interpreted literally. The mere fact of absence from the state does not toll the

statute of limitations even though a plaintiff may not know the whereabouts of the defendant.

K.S.A. 60-517 was adopted from the old code when Kansas enacted its new code of civil procedure. Only the last sentence of the statute is new, and the decision of this case is dependent upon the interpretation of that sentence. See 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-517 (1979).

The statute in question clearly states that its tolling effect will not apply as to any defendant "whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter." The key question presented to the courts in the past and in the instant matter is the question of when someone's whereabouts are "known."

To our knowledge, the first case to deal with this question was *Carter v. Zahn*, 37 F.R.D. 556 (D. Kan. 1965). In that case, defendant had moved from Kansas to Vermont. Plaintiff was unable to locate the defendant in time to serve him within the period of limitation. Plaintiff argued that the statute of limitations was tolled by the defendant's absence from the state. In considering this issue, Judge Wesley E. Brown put the question as follows:

"The critical question thus becomes whether defendants' whereabouts were known. The Kansas statute is silent as to *who* must know of defendants' whereabouts. It seems to us that the only reasonable and logical construction to be placed on the phrase is 'known to plaintiff,' or by the exercise of due diligence should have been known to plaintiff." 37 F.R.D. at 559.

The court also said:

"As we read the Kansas tolling statute, the statute of limitations will not run so long as defendant is absent from the state *unless* plaintiff knows or should have known his whereabouts and can get out-of-state service on defendant through Article 3." 37 F.D.R. at 559.

Thus, in *Zahn*, the court says that a defendant's whereabouts are unknown only if plaintiff (1) did not know of defendant's whereabouts, and (2) could not, through the exercise of reasonable diligence, have known of the whereabouts. This is a very different inquiry from one that seeks to determine only if a defendant was absent from the state and his whereabouts were unknown to plaintiff.

In *Carter v. Kretschmer*, 2 Kan. App. 2d 271, 577 P.2d 1211, *rev. denied* 225 Kan. 843 (1978), this court dealt with a case in

which the plaintiff took the singular position that the statute was tolled by the defendant's absence from the state. The trial court had dismissed the plaintiff's petition as time barred. We affirmed, stating:

"Resolution of the issue raised requires consideration of our statutes relating to service of process upon nonresident motorists. K.S.A. 8-401 and 8-402 designate the secretary of state as the agent of nonresident motorists for the purpose of receiving process arising out of accidents occurring in this state. Not only did defendant have an agent within the state upon whom process could have been served but he himself could have been served personally under the long arm statute. See *Snyder v. Clune*, 15 Utah 2d 254, 390 P.2d 915 (1964); 17 A.L.R.2d 502-518 and cases cited therein; K.S.A. 60-308(b)(2). *By exercise of due diligence plaintiff should have known the defendant's whereabouts as early as September, 1976, and did know his whereabouts at all times after October 13, 1976. Carter v. Zahn*, 37 F.R.D. 556 (D. Kan. 1965). The defendant, therefore, was not 'absent' from the state in the sense contemplated by K.S.A. 60-517; that is, beyond the reach of process from our courts. *Snyder v. Clune*, supra.

"While not uniform, the majority of cases from other jurisdictions bearing upon the question have determined that in auto accident cases, a tolling provision will not operate to suspend a statute of limitations where substituted service is available. [Citation omitted.]" (Emphasis added.) 2 Kan. App. 2d at 272.

This decision basically adopts the approach of *Carter v. Zahn*. A defendant is not "absent" under 60-517 unless (a) plaintiff does not know his whereabouts, and (b) plaintiff cannot with due diligence determine those whereabouts.

In *Johnson v. Miller*, 8 Kan. App. 2d 288, 289, 655 P.2d 475 (1982), although the issue was concealment, we discussed 60-517 and stated:

"This statute was recently discussed in *Gideon v. Gates*, 5 Kan. App. 2d 23, 611 P.2d 166, *rev. denied* 228 Kan. 806 (1980). The court held that the word 'known' as used in the statute means an address or place where service of process upon the defendant can be effected that is known or should have been known to plaintiff by the exercise of due diligence. (See also Gard's Kansas C. Civ. Proc. 2d Annot. § 60-517 [1979].)

"Thus the issues here are: (1) Whether the plaintiff, in the exercise of due diligence, knew or should have known of defendant's whereabouts, and (2) whether defendant concealed himself."

As we read *Johnson*, it reinforces the doctrine that a defendant's whereabouts are only "unknown" if plaintiff is unable to determine those whereabouts in the exercise of due diligence.

We view the decision in *Gideon v. Gates,* 5 Kan. App. 2d 23, 611 P.2d 166, *rev. denied* 228 Kan. 806 (1980), as factually identical and controlling in the instant matter.

The trial court in *Gideon* dismissed the plaintiff's petition as time barred. In *Gideon,* the action was filed within the period of limitation, but service of process was not completed until 93 days after the petition was filed. As a result, the relation back provisions of the statute did not apply, and the action was not deemed commenced until the date of service. The date of service was more than two years after the cause of action accrued. The plaintiff in *Gideon* contended that the defendant was absent from the state, thereby tolling the statute of limitations. We affirmed the trial court's dismissal of the petition and said:

"It is apparent that a plaintiff does not sustain the burden of proving facts sufficient to toll the statute of limitations by demonstrating merely that a defendant was physically absent from the state. It must also be shown that defendant's whereabouts while outside the state were not known, and that service of process could not have been effected under article 3 of chapter 60." 5 Kan. App. 2d at 25.

We commented on the evidence relative to defendant's absence and said:

"The fourth occasion of absence specified by plaintiff is from January 5, 1976, to June 4, 1976, during which defendant gave up his apartment in Junction City and moved to Raytown, Missouri, for the purpose of participating in a work-study program sponsored by Kansas State University. During that period he did not pay rent on his apartment in Junction City, but his apartment was left vacant with the understanding that it was his intention to return to Junction City after the program had been completed. His landlady knew how to get in touch with him as he left his address with her. He left his address with a Junction City newspaper where he had formerly been employed, as well as with Mr. Nesmith who handled his work-study program at the University. He also filed a change of address with the United States Post Office. Plaintiff makes no contention that defendant's whereabouts during this period of absence from the state could not have been ascertained with a minimum of effort and, at oral argument, admitted such to be true. It is apparent from the record that service of summons could have been effected under K.S.A. 60-308 while defendant was in Raytown and, under other provisions of article 3 of chapter 60, at all time following the accrual of the cause of action on November 30, 1974." 5 Kan. App. 2d at 26.

The facts in the instant matter are very similar to *Gideon.* When this defendant left Kansas to move to Missouri, she left a

wide and easily followed trail. Prior to moving, she left a notice of change of address at the post office, which is how plaintiff ultimately located her. Her parents, in-laws, friends, and family were all aware of her new address. She left her new address with her former employer, and the person who purchased her home in Prairie Village was her husband's best friend and also knew the address. Her insurance carrier knew her address but was never asked for it by the plaintiff. The defendant in this case was no more "absent" than was the defendant in *Gideon*.

In resolving this issue, we have treated the trial court's dismissal as we would a motion for summary judgment. We have examined the record in the light most favorable to plaintiff, and we are convinced that the facts, as shown, were not sufficient to toll the operation of K.S.A. 1990 Supp. 60-513(a)(4).

As we interpret the law of Kansas, a defendant is only "absent" from this state within the meaning of 60-517 if the plaintiff is unaware of the defendant's whereabouts and could not, with reasonable diligence, have discovered those whereabouts. The facts in the instant matter show beyond any doubt whatsoever that, at all times relevant herein, this defendant's whereabouts were discoverable with the exercise of a minimum of effort. Indeed, the undisputed facts show that, as soon as plaintiff discovered defendant had moved, he located her new address almost immediately with a simple inquiry to the post office. It does not appear that there was any point before or after suit was filed that defendant's whereabouts could not have been discovered with the exercise of the most minimum reasonable effort and with ample time to complete service within the time frame provided by K.S.A. 1990 Supp. 60-203. Indeed, the record shows that plaintiff had discovered defendant's out-of-state address on November 13, 1989, a full two months before the 90-day relation back would run.

Based upon the facts, we hold that, as a matter of law, this defendant was not "absent" from the State of Kansas within the meaning of K.S.A. 60-517, and her absence did not toll the operation of the statute of limitations.

Plaintiff cites to us the case of *Garrison v. Vu*, 233 Kan. 236, 662 P.2d 1191 (1983), as mandating a decision in his favor. In that case, the Supreme Court reversed our earlier decision, which

can be found at 8 Kan. App. 2d 189, 653 P.2d 824 (1982). We have reviewed both our opinion and the Supreme Court opinion, and we see nothing in the Supreme Court's comments in *Garrison v. Vu* that detracts from the law as stated in *Gideon* and the other decisions discussed in this opinion.

*Garrison v. Vu* presented a very unique factual pattern in which the plaintiff was led to believe that Vu was a resident of Kansas and that he had proper service on him by the sheriff's return of summons and an answer filed on behalf of Vu. We distinguish *Garrison* from the case at hand. They are not similar factually, and we hold that *Garrison* has no relevance to the current matter.

### THE UNIQUE CIRCUMSTANCES DOCTRINE

Plaintiff next suggests that his predicament is due, in whole or in part, to the error of the clerk of the district court in issuing the first alias summons with the wrong address. He argues that we should seize upon that error and judicially expand the relation back of K.S.A. 1990 Supp. 60-203 under the "unique circumstances" doctrine announced in *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988). We disagree and decline to do so.

We believe that *Schroeder v. Urban* is factually distinguishable from the instant matter and that the doctrine announced in that case should not be applied in the instant matter.

In *Schroeder*, the appellants had, prior to the running of the applicable time period, applied to the trial court to extend the time in which they might file their notice of appeal. The trial court granted them an additional 30 days. In reliance on the trial court's order, appellants filed their notice of appeal after the original time had run but within the additional 30-day period granted to them by the trial court. This court, in an unpublished opinion, held that the trial court had no jurisdiction to issue its order and summarily dismissed the appeal. On petition for review, the Supreme Court reversed our dismissal and judicially enlarged the statutory time for filing a notice of appeal. The court did so because of the "unique" circumstances involved and because it felt that appellants should not be penalized for relying on what they perceived to be a valid order of the trial court.

The law of *Schroeder v. Urban* is set forth in the syllabus as follows:

"In the interest of justice, an appeal which is otherwise untimely may be maintained in unique circumstances if (1) the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period; (2) the court order purporting to extend the appeal time was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant files a notice of appeal within the period apparently judicially extended."

The facts of this action simply do not fit the law as announced in *Schroeder*.

Since *Schroeder* was filed, the court has carefully confined it to situations where a party has relied on an apparently valid order issued by a trial judge. See *Butler v. U.S.D. No. 440*, 244 Kan. 458, 460, 769 P.2d 651 (1989); *Johnson v. American Cyanamid Co.*, 243 Kan. 291, 298-301, 758 P.2d 206 (1988). Indeed, in *Read v. Miller*, 247 Kan. 557, 560, 802 P.2d 528 (1990), the Supreme Court acknowledged the doctrine of "unique circumstances" but specifically refused to apply it to extend the relation back period in 60-203, stating as follows:

"If a trial court grants an extension of time for filing a notice of appeal, an appeal filed during the extended period will be deemed timely filed, even though the trial court had no authority to extend the appeal period, if the extension was granted prior to the expiration of the original appeal period, and the appellants relied to their detriment on the purported extension. This exception has no application to this case."

In the case now under consideration, there was no reliance on any "judicial action." The mistake made was a clerical mistake by the clerk of the court. A practicing attorney should realize that, when he trusts the preparation of a summons or other documents to a third party, a clerical error is possible. Thus, we suggest that counsel has an obligation to carefully examine all documents prepared by the clerk of the court to see that no error has occurred. In the alternative, such documents may be prepared by counsel and handed to the clerk of the court for issuance. An order issued by a trial judge has the authority of law unless and until it is reversed or otherwise overturned. A litigant has no choice but to abide by that order and has every right to rely on the order and expect that his reliance will not be fatal even if

the order is subsequently overturned. The clerical work issued by a clerk does not carry the same authority, and any mistakes or misstatements may be changed at will by attentive counsel. We decline to extend the unique circumstances doctrine to the facts of this case.

We also believe that the doctrine should be applied only where it is and was the only remedy available to the party who has relied on the court's action. In the instant matter, plaintiff had another obvious remedy which was not utilized. As pointed out earlier, plaintiff discovered the clerk's clerical error on January 16, 1990. At that point, plaintiff had one week until the running of the 90-day relation back period. It appears to this court that plaintiff could have and should have applied to the trial court to extend the 90-day relation back period. K.S.A. 1990 Supp. 60-203 provides that the court may extend a 90-day period by an additional 30 days for good cause shown. We believe that plaintiff had good cause to request the extension of the 90-day relation back period and simply failed to request that relief from the court. We do not believe that the "unique circumstances" doctrine would apply when relief was immediately available to the litigant by the filing of a motion under 60-203. If such relief is available, we do not deem the circumstances to be particularly unique.

As pointed out in *Read v. Miller*, the 90-day relation back period can only be extended by a motion filed before the original 90-day period has expired. We do not have the authority to extend that period. The trial court did have the authority but was not asked to do so. We are not inclined to reverse a trial court in a situation where the necessary relief was available for the asking. The problem plaintiff now faces was correctable upon proper application to the trial court. That application was never made, and the fact that such relief was available negates any extension of the unique circumstances doctrine to the facts of this action.

Plaintiff implies that the insurance carrier had a duty to advise him that defendant had moved from the state. He suggests that we should somehow hold the insurance carrier's failure to tell him defendant had moved creates an estoppel. There is no merit to this argument. The record shows that plaintiff never inquired of the insurance carrier as to the whereabouts of defendant. The

insurance carrier did nothing to mislead plaintiff, and we see no grounds for estoppel.

Affirmed.